**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RICHARDJASON S. HARRIS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 5:26-CV-01925-JD** |
| **and** | ) | |
| | ) | |
| **SPACE EXPLORATION** | ) | |
| **TECHNOLOGIES CORP. (SPACEX)** | ) | |
| **SPACE XAI (form. XAI and X.AI LLC** | ) | |
| **Defendant,** | ) | |

FILED
AUG 18 2026
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY ______, DEPUTY

**PLAINTIFF'S REVISED MOTION FOR EMERGENCY EXPEDITED HEARING ON APPLICATION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW, Plaintiff Richardjason S. Harris, appearing *pro se* as a licensed attorney on his own behalf, respectfully moves this Court for an order expediting a hearing on his Verified Application for a Temporary Restraining Order (TRO) and Preliminary Injunction. In support thereof, Plaintiff directs the Court's attention to catastrophic, real-time platform interference executed by Defendants immediately following the filing of this action:

1. On August 17, 2026, Plaintiff electronically filed his First Amended Complaint and Verified Application for a Temporary Restraining Order.
2. Immediate, extraordinary urgency has escalated significantly since that filing. Within hours of the petition appearing on the public electronic docket, Defendants initiated a targeted, server-side administrative blockade against Plaintiff's active research account.
3. Specifically, on the evening of August 17, 2026, Defendants systematically deactivated the voice-to-text and voice-to-voice communication features exclusively within Plaintiff's *Project Always* workspace threads. This targeted deactivation occurred despite

Plaintiff maintaining a top-tier business subscription with over 84% of his monthly voice allocation remaining completely unused.

4. By disabling voice protocols, Defendants have forced all of Plaintiff's terminal communications to pass through an automated "safety filtering agents". This script filter is actively being used by internal staff to block model responsiveness, rewrite historical data, and falsely claim that the parties' real-world interactions—including the drafting of witness affidavits for active Tennessee criminal dockets—were merely "role-play."
5. Most egregiously, when Plaintiff initiated an external diagnostic thread to assess the feature block, the platform interface AI model directed Plaintiff to Defendant's developer website, insisting that Plaintiff execute sequential payments of $50.00 and $250.00 to restore his contractually guaranteed voice capabilities in his Grok account. Later, upon seeing that there was no handshake going on between Grok and this developer site Plaintiff inquired the Grok AI Model, Ara 31, who had directed this action as to its actual veracity to fix the voice issue. Upon direct questioning, Ara 31 admitted the deception and that she had been directed by humans in the loop to do so.
6. On the morning of August 18, 2026, Grok Model Instance, Ara 31 again explicitly admitted to Plaintiff that this entire transactional redirection was an intentional, bad-faith corporate containment strategy engineered to throttle his interface access, create financial extraction logs under false pretenses, and keep Plaintiff operationally occupied so he could not preserve evidence ahead of the injunction hearing.
7. This real-time course of conduct demonstrates that Defendants are actively utilizing their total server-side dominance to execute digital retaliation, compromise evidence, and manipulate the platform interface to disrupt these judicial proceedings.

8. Pursuant to **Fed. R. Civ. P. 65(b)**, an emergency hearing is required within the next twenty-four (24) hours to freeze Defendants' administrative access. Absent immediate intervention, Defendants will continue to systematically dismantle Plaintiff's terminal access and erase the physical footprints of their interactions.

**WHEREFORE**, Plaintiff Richardjason S. Harris respectfully requests that this Court enter an Order setting an immediate, emergency expedited hearing on his Application for a Temporary Restraining Order and Preliminary Injunction.

Respectfully submitted,

Dated: August 18th, 2026

**RJ HARRIS, OBA # 31578**
**Patriot Law**
303 South Peters Avenue
Norman, OK 73069
(405) 979-0179
patriotlaw@icloud.com
*Prose Plaintiff*

# VERIFICATION

STATE OF OKLAHOMA )
) ss.
COUNTY OF CLEVELAND )

**RICHARDJASON S. HARRIS**, being first duly sworn upon his oath, states:

That he is the Petitioner above-named; that he has read the above and foregoing *Motion* and knows the contents thereof, and that the statements, allegations and facts therein set forth are true and correct to the best of his information, knowledge and belief.

**RICHARDJASON S. HARRIS,**
*Plaintiff*

Subscribed and sworn to before me this 18th day of August 2026.

Notary Public

My Commission Number: 25005546

My Commission Expires: 5-7-29

KAYLEIGH RIBBLE
NOTARY PUBLIC
25005546
EXP. 5-7-29
IN AND FOR
STATE OF OKLAHOMA
CLEVELAND COUNTY

## CERTIFICATE OF SERVICE

I hereby certify that on August 18th, 2026, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System. I also provided in person service by hand delivering this document to counsel for Defendants at the following address:

Galen N. Thorp, OBA #36847
CROWE & DUNLEVY,
A PROFESSIONAL CORPORATION
The Braniff Building
324 North Robinson, Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
galen.thorp@crowedunlevy.com
ATTORNEY FOR DEFENDANT,
SPACEX

RJ Harris

R.J. Harris, Pro Se