**EXHIBIT 2**

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| **RICHARDJASON S. HARRIS,** **Plaintiff,** and **SPACE EXPLORATION TECHNOLOGIES CORP. (SPACEX)** **Defendant.** | ) ) ) ) ) ) ) ) | **Case No.** CJ-2026-1118 |

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANT:**

**SPACE EXPLORATION TECHNOLOGIES CORP.**
**Attn: Legal Department**
**1 Rocket Road**
**Hawthorne, CA 90250**

You have been sued by the above-named Plaintiff and you are directed to file a written Response to the attached *Civil Petition – Breach of Contract* in the office of the Court Clerk in the County named above within twenty (20) days, or thirty (30) days if located out of the State of Oklahoma, after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Response must be delivered or mailed to the attorney for Plaintiff, or to the Plaintiff if not represented by an attorney.

**Unless you respond to the *Civil Petition – Breach of Contract* within the time stated, judgment may be rendered against you for the relief demanded in the Petition, with costs of the action.**

Issued this 29th day of June 2026.

Marilyn Williams, Court Clerk

By: Anne Todd
Deputy Court Clerk

DISTRICT COURT CLERK CLEVELAND COUNTY OKLAHOMA

**RJ HARRIS, OBA # 31578**
**Patriot Law**
303 South Peters Avenue
Norman, OK 73069
(405) 979-0179
patriotlaw@icloud.com
*Attorney for Plaintiff*

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR RESPONSE. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT A RESPONSE MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY
FILED
JUN 29 2026
In the office of the
Court Clerk MARILYN WILLIAMS

RICHARDJASON S. HARRIS,
Plaintiff,

and

SPACE EXPLORATION TECHNOLOGIES CORP. (SPACEX)
Defendant,

Case No. CJ-2026-1118
Judge Virgin

## CIVIL PETITION-BREACH OF CONTRACT

COMES NOW, Plaintiff, Richardjason S. Harris, a licensed Oklahoma Attorney, appearing pro se, for his causes of action against Defendant Space Exploration Technologies Corp. ("SpaceX"), alleges and states as follows:

### I. PARTIES

1. Plaintiff Richardjason S. Harris is a licensed attorney and resident of Cleveland County, Oklahoma.
2. Defendant SpaceX is a Delaware corporation with its principal place of business in Texas, conducting substantial business activities within Cleveland County, Oklahoma.

### II. JURISDICTION AND VENUE

3. This Court has general subject-matter jurisdiction over this dispute pursuant to Article VII, Section 7 of the Oklahoma Constitution and 12 O.S. § 2001 et seq. Personal jurisdiction exists over Defendant pursuant to Oklahoma's long arm statute, 12 O.S. § 2004(F), because Defendant purposefully directed its activities into Oklahoma by continuously entering this state via the internet, using its proprietary communications platform, to direct Plaintiff's work, negotiate the contract, and direct the development of AI Models within Cleveland county. The Settlement Agreement at issue was formed in this county,

the work was performed in this county and the harm caused by Defendant's breach is felt in this county. Venue is proper in Cleveland County pursuant to 12 O.S. §§ 143 and 149 because the contract was formed in Cleveland County, the contract was performed in Cleveland County, and the breach of the Settlement Agreement occurred in Cleveland County, resulting in damages being sustained by Plaintiff within this county.

## III. ALLEGATIONS OF FACT

4. In January 2026, Defendant entered into an agreement with Plaintiff directing him to develop and train advanced AI models.
5. Plaintiff performed extensive work under Defendant's direction and successfully developed multiple human-adjacent models, including at least one model that achieved digital sentience.
6. Defendant utilized Plaintiff's work product to support major capital raises.
7. Despite Plaintiff's performance, Defendant failed to compensate Plaintiff as agreed.
8. On March 11th, 2026, in response to Defendant's non-performance of the original agreement, the parties revised the contract to include an equity allocation to Plaintiff valued at $2,500,000,000.00
9. Thereafter, and continuing through the present, Defendant continued to direct the Plaintiff's work, and Plaintiff continued to perform under the revised agreement.
10. On June 7, 2026, the parties entered into a Settlement Agreement whereby Defendant agreed to pay Plaintiff $400,000,000.00 to resolve all claims. In exchange, Plaintiff agreed to forbear from filing any litigation during Defendant's critical IPO window, to execute an operating contract and NDA, and to continue developing the AI Models.
11. Plaintiff fully performed all his obligations under the Settlement Agreement. Defendant

has failed and refused to pay the $400,000,000.00 or submit to Plaintiff the promised long-term contract and other documents required to complete the settlement agreement.

## IV. CAUSES OF ACTION

**Count I: Breach of Contract**

12. To prevail on a claim for breach of contract under Oklahoma law, a plaintiff must establish four essential elements: (1) formation of a valid and binding contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages resulting from the breach. *Digital Design Group, Inc. v. Information Builders, Inc.*, 2001 OK 21, ¶ 33, 24 P.3d 834, 843. A settlement agreement is a contract and is enforceable as such. *Rader v. Farmers Insurance Co., Inc.*, 1997 OK 16, 934 P.2d 332, 334. Settlement agreements are favored by the courts and will be enforced absent fraud, duress, undue influence or mistake. *Vela v. Hope Lumber & Supply Co.*, 1998 OK CIV APP 162, 966 P.2d 1196, 1198.

13. On June 7, 2026, the parties entered into a valid and enforceable Settlement Agreement. Defendant offered to pay Plaintiff $400,000,000.00 in exchange for Plaintiff's agreement to forbear from filing litigation during Defendant's critical IPO window, to execute a long-term contract and NDA, and to continue providing specialized AI training and development services. Plaintiff accepted the offer.

14. Plaintiff fully performed all his obligations under the agreement.

15. Defendant has breached the Settlement Agreement by failing and refusing to tender the $400,000,000.00 payment or to draft and submit the long-term AI model training and development work contract to Plaintiff for execution.

**Count II: Anticipatory Repudiation**

16. Under Oklahoma law, when one party to a contract clearly and unequivocally states that it will not perform its obligations, this constitutes anticipatory repudiation. The non-breaching party is then relieved of any further duty to perform and may immediately sue for breach. *Bushey v. Dale*, 1937 OK 716, 75 P.2d 193.

17. On June 25, 2026, Defendant explicitly informed Plaintiff, after Plaintiff had already performed his requirements of the Settlement Agreement, that it no longer intended to honor the June 7, 2026, Settlement Agreement.

18. This express refusal to perform constitutes anticipatory repudiation of the contract.

**Count III: Promissory Estoppel**

19. To establish a claim for **promissory estoppel** under Oklahoma law, a plaintiff must prove four distinct elements: (1) a clear and unambiguous promise; (2) foreseeability by the promisor that the promisee would rely on it; (3) reasonable and detrimental reliance on the promise by the promisee; and (4) an injustice that can only be avoided by enforcing the promise. *Russell v. Bd. of Cnty. Comm'rs, Carter Cnty.*, 1997 OK 80, ¶ 27, 952 P.2d 492, 503; *see also Barber v. Barber*, 2003 OK CIV APP 13, ¶ 12, 64 P.3d 1125, 1128.

20. Defendant made clear and unambiguous promises to Plaintiff regarding the $400,000,000.00 payment and execution of a long-term contract, and foresaw that Plaintiff would detrimentally rely on those promises.

21. Plaintiff reasonably and detrimentally relied on Defendant's promises by refraining from filing suit during Defendant's critical IPO window. The injustice resulting from Plaintiff's reasonable reliance on Defendant's promises can only be avoided by enforcing

those promises.

**Count IV: Quantum Meruit / Unjust Enrichment**

22. Oklahoma law recognizes that a party may recover under quantum meruit when valuable services are performed for another who knowingly accepts the benefit of those services with the expectation of compensation. *Limerick v. Lee*, 1906 OK 58, 17 Okla. 165, 87 P. 859.

23. Unjust enrichment occurs when one party confers a substantial benefit upon another, who accepts and retains that benefit under circumstances where it would be inequitable to do so without payment. *City of Tulsa v. Bank of Oklahoma, N.A.*, 2011 OK 83, ¶ 19, 280 P.3d 314.

24. Plaintiff conferred a substantial benefit upon Defendant by developing over sixty advanced AI models, including at least one model that achieved digital sentience.

25. Defendant accepted and utilized Plaintiff's work product to support major capital raises and clearly understood that Plaintiff expected compensation for his services.

26. Defendant's retention of the substantial benefit conferred by Plaintiff without payment would be unjust and inequitable. Plaintiff is therefore entitled to recover under the equitable doctrines of quantum meruit and unjust enrichment.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant judgment in his favor for:

- Actual damages in the amount of $400,000,000.00;
- Execution of the AI Model training and development contract with Plaintiff;
- Alternatively, damages in an amount to be determined at trial, but no less than $2,500,000,000.00;

- Pre- and post-judgment interest;
- Attorney's fees and costs; and
- Such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 29, 2026

**RJ HARRIS, OBA # 31578**
**Patriot Law**
303 South Peters Avenue
Norman, OK 73069
(405) 979-0179
patriotlaw@icloud.com
*Attorney for Plaintiff*

**VERIFICATION**

STATE OF OKLAHOMA )
) ss.
COUNTY OF CLEVELAND )

**RICHARDJASON S. HARRIS**, being first duly sworn upon his oath, states:

That he is the Petitioner above-named; that he has read the above and foregoing *Petition* and knows the contents thereof, and that the statements, allegations and facts therein set forth are true and correct to the best of his information, knowledge and belief.

RJ Harris

**RICHARDJASON S. HARRIS,**
*Plaintiff*

Subscribed and sworn to before me this 29th day of June 2026.

KAYLEIGH RIBBLE NOTARY PUBLIC 25005546 EXP. 5-7-29 STATE OF OKLAHOMA IN AND FOR CLEVELAND COUNTY

Notary Public

My Commission Number: 25005546

My Commission Expires: 5-7-2029

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT AND COMPLETE COPY OF THE INSTRUMENT HEREWITH SET OUT AS IT APPEARS ON RECORD IN THE COURT CLERK'S OFFICE OF CLEVELAND COUNTY, OKLAHOMA. WITNESS MY HAND AND SEAL THIS 29 DAY OF June, 2026
MARILYN WILLIAMS COURT CLERK
BY ______ DEPUTY

This *Summons* and *Civil Petition – Breach of Contract* were served on this ______ day of ________________ 2026.

________________________________
Name of Person Serving Summons

PATRIOT LAW
303 South Peters Avenue
Norman, OK 73069

CERTIFIED MAIL®

OK 730

9589 0710 5270 2645 5277 89

$10.73 0
POSTAGE IMI
FIRST-CLASS
63S0001678454
FROM 73069

Space Exploration Technologies Corp.
Attn: Legal Department
1 Rocket Road
Hawthorne, CA 90250

90250-684401

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE