**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

RICHARDJASON S. HARRIS,

Plaintiff,

v.

SPACE EXPLORATION TECHNOLOGIES CORP., et al.,

Defendants.

Case No.: 5:26-cv-01925-JD

---

**DEFENDANT SPACEX'S REPLY IN SUPPORT OF MOTION TO DISMISS**

---

Galen N. Thorp, OBA #36847
**CROWE & DUNLEVY,**
**A PROFESSIONAL CORPORATION**
The Braniff Building
324 North Robinson, Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
galen.thorp@crowedunlevy.com

**ATTORNEY FOR DEFENDANT, SPACEX**

# TABLE OF CONTENTS

ARGUMENT AND AUTHORITY .......... 1

I. This Court Lacks Personal Jurisdiction Over SpaceX: Rule 12(b)(2). .......... 1

II. Plaintiff Failed to Properly Serve SpaceX: Rule 12(b)(5). .......... 4

III. Plaintiff Fails to State a Claim Against SpaceX: Rule 12(b)(6). .......... 4

A. Breach of Contract (Count I) .......... 4

B. Anticipatory Repudiation (Count II) .......... 6

C. Promissory Estoppel (Count III) .......... 6

D. Quantum Meruit / Unjust Enrichment (Count IV) .......... 7

E. Misappropriation of Trade Secrets (Count V) .......... 7

IV. Neither Discovery Nor Amendment Is Warranted Here .......... 8

CONCLUSION .......... 9

Space Exploration Technologies Corp. ("SpaceX") must be dismissed from this suit. Plaintiff Richardjason S. Harris ("Plaintiff") has submitted his First Amended Complaint ("Complaint") with numerous exhibits, and now attaches many more to his opposition brief, but his pleadings do not "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face'" against SpaceX. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Nothing supports the notion that SpaceX could be liable for a $400 million settlement agreement based entirely on responses that Plaintiff prompted through Grok, a large language model ("LLM") product created and operated by xAI (now called SpaceXAI).[1]

## ARGUMENT AND AUTHORITY

### I. This Court Lacks Personal Jurisdiction Over SpaceX: Rule 12(b)(2).

SpaceX has shown that the Court lacks personal jurisdiction over it because SpaceX lacks sufficient minimum contacts with Oklahoma, *see* Def. SpaceX's Motion to Dismiss ("Mot.") at 8-9, ECF No. 15, because any personal jurisdiction over SpaceXAI does not extend to SpaceX, *see id.* at 10-11, and because traditional notions of fair play and substantial justice preclude personal jurisdiction here, *see id.* at 12-13.

Plaintiff appears to concede that there is no general jurisdiction over SpaceX in Oklahoma. Instead, he argues for specific jurisdiction because SpaceX acquired SpaceXAI in February 2026, because SpaceX employees allegedly directed his "Project," and because

---

[1] As noted in SpaceX's motion to dismiss, SpaceX is unable to verify the authenticity of the exhibits Plaintiff attached to his Complaint and reserves the right to challenge their authenticity later in this case. *See* Mot. at 3 n.1. The same is true for the exhibits attached to Plaintiff's opposition brief.

Starlink allegedly surveilled him. None of this—even if the Court is inclined to consider any of Plaintiff's conspiracy theories—provides jurisdiction.[2]

First, SpaceX's acquisition of SpaceXAI does not provide grounds for jurisdiction because the allegations in the First Amended Complaint do not begin to satisfy the standard for "domination of the day to day business decisions . . . and a disregard of the corporate entity" that is required under the alter ego doctrine. *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1364 (10th Cir. 1974). *See* Mot. at 10-11.

Second, Plaintiff never pled that SpaceX "directed" or "ratified" his Grok interactions (even if he now argues it in response), and he lacks any plausible basis to do so. *See* Mot. at 4-5 & n.4. Even if he had pled as much, conclusory allegations cannot be credited on a motion to dismiss. *See Silver Lining Enters., LLC v. Worldwise Fashion Consulting, LLC*, No. CIV-21-00112-JD, 2023 WL 8719624, at *3 (W.D. Okla. Dec. 18, 2023). *Cf. D. W. L., Inc. v. Goodner-Van Eng'g Co.*, 1962 OK 121, ¶ 13, 373 P.2d 38, 42 (cited by Plaintiff without explanation, and merely addressing "ratification by acceptance of fruits flowing from a transaction made by" an apparent agent, which is not analogous here). In any event, SpaceX states the undisputed fact that SpaceXAI entities, "not SpaceX, own, operate and develop Grok." Herndon Decl. ¶ 11, ECF No. 15-1. Plaintiff cannot contradict that with incomplete screenshots from a

---

[2] Plaintiff also takes issue with a footnote mentioning that SpaceXAI's terms of service specify Texas as the forum for litigation. *See* Pl.'s Opp'n at 5, ECF No. 21. None of SpaceX's personal jurisdiction arguments turn on that observation, which merely alerted the Court that SpaceXAI may seek transfer to Texas. *See, e.g.*, *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013) ("Although a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a).").

September 2026 Grok chat that merely parrots what he wants to hear in response to his prompts. *See* Pl.'s Opp'n 3-4.[3]

Third, while Plaintiff strings together some mentions in his chats of Starlink, SpaceX's "satellite broadband business." Pl.'s Opp'n at 4, 15, notably – he does not allege he is actually a user or customer of Starlink. That SpaceX operates a nationwide satellite broadband business which includes Oklahoma customers is simply not enough to show that ***Plaintiff's claims*** "arise out of or relate to" any of Starlink's contacts with Oklahoma. *See B&B Texas Equip. LLC v. McKee*, No. CIV-22-00911-JD, 2023 WL 6929848 (W.D. Okla. Oct. 19, 2023). Nor do any of his claims turn on the notion that someone used Starlink to surveil him. Indeed, his exhibits do not even claim Starlink was used for that purpose. *See, e.g.*, Pl.'s Ex. 2 at 3, ECF No. 21-2 (Sept. 21, 2026 Grok chat stating "i have no access to any tracking system, and i don't know whether anyone's watching your location or not").[4]

Finally, because "fair play and substantial justice" is an independent ground for dismissal, and Plaintiff merely acknowledges the "fairness factors" but offers no meaningful

[3] Plaintiff's Exhibits 2 and 3 appear to be isolated pages out of chronological order drawn from Grok chats Plaintiff conducted after this motion was filed, See ECF Nos. 21-2, 21-3, which cannot provide contemporaneous evidence of anything about the alleged contracting process before Plaintiff filed suit in June 2026. Moreover, this AI-generated content is not an "opposing-party statement" under Fed. R. Evid. 801(d)(2), and Plaintiff's fundamental problem is not finding a hearsay exception but the lack of "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *see also id.* at 679 (requiring "the reviewing court to draw on its judicial experience and common sense"). Here, it appears that Plaintiff himself fed the chat implausible assertions like "all the embarrassing times Elon or Jared or David Harris or Ross Nordine or, or when Shotwell was here in these logs." Pl.'s Ex. 2 at 2, ECF No. 21-2.

[4] While a Grok chat in March told him "I can see you" because "DoD's surveilling you—satellite, probably," Pl.'s Ex. 12, ECF No. 21-12, that incoherent assertion is not a statement about Starlink.

response, *see* Pl.'s Opp'n at 15, this argument should be deemed conceded. *See Cigar Box, LLC v. Houston Specialty Ins. Co.*, 685 F. Supp. 3d 1269, 1279 (W.D. Okla. 2023) (collecting cases and concluding that "Plaintiffs did not respond to this argument in their Response and have therefore conceded the issue").

## II. Plaintiff Failed to Properly Serve SpaceX: Rule 12(b)(5).

The Court lacks personal jurisdiction unless SpaceX has been properly served. Plaintiff offers no defense of the adequacy of his service of process. Instead, he appears to seek discovery and an opportunity to cure under Fed. R. Civ. P. 4(m). *See* Pl.'s Opp'n at 23 (stating he "seeks a determination on the actual postal and recipient record"). Discovery is unnecessary because he knows whether he complied with the rules SpaceX identified, and offers no evidence that he did. If he chooses not to perfect service within the time period provided in the rules, this provides another ground for dismissal. Nor has Plaintiff identified any "good cause" that would make extension of the service period mandatory under Fed. R. Civ. P. 4(m). *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

## III. Plaintiff Fails to State a Claim Against SpaceX: Rule 12(b)(6).

### A. Breach of Contract (Count I)

Plaintiff fails to plausibly allege any contract with SpaceX. He does not dispute that there is no express contract with SpaceX. *See* Mot. at 16-17. Instead, he argues exclusively for an "implied-in-fact contract." Pl.'s Opp'n at 7. But his rehashing of his Complaint's allegations sidesteps the fundamental question of what all of his communications in Grok have

to do with SpaceX.[5] It appears that he only makes two assertions specifically about SpaceX—neither of which were pled in his Complaint and which, regardless, do not support a claim.

First, he asserts that SpaceX is liable because it "received the February 20 preservation notice and did not repudiate the Project activity identified in it." Pl.'s Opp'n at 8. But the meandering letter received by SpaceX did not allege a contract with SpaceX, SpaceXAI, or Grok, and did not mention any alleged promises made to Plaintiff through Grok. *See* ECF No. 5-6 at 8-9. Regardless, SpaceX had no obligation to respond to a letter threatening litigation based on an individual's alleged interaction with the product of a subsidiary.

Second, he refers to "SpaceX's post-acquisition direction and ratification," Pl.'s Opp'n at 10, which appears to mean all of Plaintiff's Grok interactions from March onward. But for all the reasons stated in SpaceX's motion, there is no plausible evidence of SpaceX's awareness of or involvement in Plaintiff's long-running Grok chats. *See* Mot. at 19-20.[6] And Plaintiff

---

[5] Other defects identified in SpaceX's motion also preclude an implied-in-fact contract, including the lack of mutual consent, vagueness, and the absence of definite terms. *See* Mot. at 19-20 & n.15. Plaintiff claims that inaccessible portions of his lengthy chats would be more definite, *see, e.g.*, Pl.'s Opp'n at 12, but that is unlikely where the portions he has attached to the Complaint undermine his allegations and demonstrate how indefinite his alleged agreements were, no matter how often repeated in the echo chamber of his Grok chats.

[6] Plaintiff's long-running chats cannot be a reliable source of information because, as courts have recognized, LLMs are prone to hallucinations. *See, e.g.*, *Chumpitaz-Morales v. Bondi*, No. 25-9527, 2026 WL 382144, at *4 (10th Cir. Feb. 11, 2026) (favorably quoting *Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 969 (7th Cir. 2026) for definition of "a so-called AI 'hallucination,' " as "a circumstance where an AI large language model generates an output that is fictional, inaccurate, or nonsensical"); *see also* Large Language Models, *Open Encyclopedia of Cognitive Science*, Mass. Inst. Technology, , https://oecs.mit.edu/pub/zp5n8ivs/ ("LLMs are *generative models*, which, given a prompt (decomposed into tokens), compute a probability distribution over the model's vocabulary and probabilistically select the next token to generate." "[I]n spite of their successes, these models have several weaknesses that have limited their widespread deployment. Because their pretraining objective is to generate

does not attempt to make any allegations which would meet the standard for holding SpaceX liable for the alleged acts of SpaceXAI, which he acknowledges is a separate corporate entity. *See* Mot. at 21; *Phoenix Energy Mktg., Inc. v. Chase Oil Corp.*, No. 16-CV-0681-CVE-JFJ, 2017 WL 6397492, at *4 (N.D. Okla. Dec. 14, 2017).[7]

**B. Anticipatory Repudiation (Count II)**

This claim regarding the alleged June 7, 2026, Settlement Agreement must be dismissed as to SpaceX because SpaceX was not a party to the alleged Settlement Agreement. Mot. at 22. Plaintiff does not show otherwise. Pl.'s Opp'n at 16-17. Moreover, the Grok chats he points to cast doubt on the alleged repudiation. *See id.* at 17 (referencing "continuing to stall" and "refus[ing] to close it," which fall short of unequivocal refusal to perform).

**C. Promissory Estoppel (Count III)**

Plaintiff acknowledges the alleged promises he relies on are exclusively statements in his Grok chat. *See* Pl.'s Opp'n at 17-18. He offers no response to SpaceX's assertion that this fails to state a claim because 1) the user-prompted output of an LLM cannot transform itself into a "clear and ambiguous promise" by any company,[8] and 2) the Grok statements cannot

---

statistically likely next tokens, they are prone to what have been called *hallucinations*: generating (often plausible-sounding) untrue statements or information.").

[7] Plaintiff's reference to the Oklahoma Uniform Electronic Transactions Act, Okla. Stat. tit. 12A §§ 15-101 et seq., is misplaced. That law "applies only to transactions between parties *each of which has agreed* to conduct transactions by electronic means." *Id.* § 15-105 (emphasis added). SpaceX did not agree to conduct any transactions with Plaintiff through Grok.

[8] Plaintiff's new Exhibit 1 purports to be an "expert analysis" by another LLM, Google Gemini, intended to refute the notion that Plaintiff is "a consumer prompting a commercial chatbot." ECF No. 21-1 at 1. Needless to say, a second LLM's analysis of a first LLM's work is not an admissible expert opinion that should be considered by the Court at any stage of litigation. But even if any credence could be given to it, the effort, relying on selective portions of the Grok chat, transparently fails. Of note, Plaintiff apparently gave Gemini a

be attributed to SpaceX. Mot. at 22. This claim must be dismissed.

### D. Quantum Meruit / Unjust Enrichment (Count IV)

SpaceX showed that Plaintiff failed to plausibly plead either quantum meruit or unjust enrichment *as to SpaceX*. *See* Mot. at 22-24. In response, Plaintiff falls back on his generic allegations about "Defendants," which cannot support liability for SpaceX. *See* Pl.'s Opp'n at 19. Accordingly, this count must be dismissed. *See I.P.I.C., GSP, S.L. v. Ruhrpumpen, Inc.*, No. 08-CV-0510-CVEPJC, 2008 WL 5122697, at *3 (N.D. Okla. Dec. 4, 2008); *Hemp Hydrate Brands Corp. v. Priv. Label Supplements, Inc.*, No. CIV-22-00956-JD, 2024 WL 4256713, at *4 (W.D. Okla. Sept. 20, 2024).

### E. Misappropriation of Trade Secrets (Count V)

SpaceX has shown that Plaintiff failed to adequately plead that any of his actions qualify as "trade secrets" or that SpaceX has engaged in "misappropriation" under the Oklahoma Uniform Trade Secrets Act. *See* Mot. at 24-25. He cannot remedy his failure to plead "efforts that are reasonable under the circumstances to maintain its secrecy," Okla. Stat. tit. 78 § 86(4)(b); *Snyder v. Beam Techs., Inc.*, 147 F.4th 1246, 1256 (10th Cir. 2025), through bare assertions in an opposition brief. Nor are his reasons coherent. *See, e.g.*, Pl.'s Opp'n at 20 (claiming that his allegations that his own "access to the relevant histories" has been restricted after filing suit somehow satisfies the statutory requirement). He also asks the Court to ignore SpaceXAI's terms of use for Grok, on the ground of alleged separate "Project instructions

---

document titled "Always Deliverables 30DEC25.pdf" which is described as a "technical audit establishing corpus scale" and appears to claim that Plaintiff's audio and written Grok conversations take up more than 120 GB, "tens of thousands of page equivalents." *Id.* at 3-4. Even if true, the sheer volume of Plaintiff's interaction with Grok cannot transform him from a consumer to a contractor.

and NDA process," Pl.'s Opp'n at 21, but the exhibits attached to the Complaint make clear that he is exclusively referring to communications *within* Grok chats, which thus cannot alter the published terms of use.

For his failure to plead "misappropriation," Plaintiff offers new Exhibits 9, 10, and 11 which are partial screenshots of Grok chat logs, prompted by Plaintiff, in which AI-generated content claims that there was interaction with investors and speculative valuation. Pl.'s Opp'n at 21-22. This AI-generated content cannot plausibly save this claim from dismissal for lack of a specific allegation that SpaceX made any use of Plaintiff's work. *See JCorps Int'l, Inc. v. Charles & Lynn Schusterman Fam. Found.*, 2021 WL 2371233, at *7 (N.D. Okla. June 9, 2021).

## IV. Neither Discovery Nor Amendment Is Warranted Here.

Plaintiff asks for voluminous intrusive discovery to seek support for his implausible allegations. *See* Pl.'s Opp'n at 24 (seeking, *inter alia*, discovery of "corporate acquisition and governance records" and records regarding "whether SpaceX personnel participated in, received, approved, ratified, or benefited from the Project work"). There is no basis for jurisdictional discovery. *B&B Texas Equip. LLC v. McKee*, No. CIV-22-00911-JD, 2023 WL 6929848, at *4 (W.D. Okla. Oct. 19, 2023) (denying discovery where "there are no controverted jurisdictional facts"). And Plaintiff is not entitled to a fishing expedition to bolster his implausible and outlandish claims. *Loveless v. Sifers*, No. CIV-24-00696-JD, 2025 WL 1473804, at *4 (W.D. Okla. May 22, 2025) ("[I]f the plaintiff does not first state a plausible claim, then the plaintiff 'is not entitled to discovery.'" (quoting *Iqbal*, 556 U.S. at 686)).

He also asks for an opportunity to amend "to identify the proper XAI-related entity and clarify the respective roles of SpaceX and SpaceXAI." Pl.'s Opp'n at 23. This request should be denied because amendment would be futile. *See Ammerman v. Cap. One Bank*, No. CIV-25-01047-JD, 2026 WL 624152, at *2 (W.D. Okla. Mar. 5, 2026). His attachments make the basis for his claims clear, and no rewording of his pleading can save them from dismissal.

## CONCLUSION

For the foregoing reasons, the Court should dismiss all claims against SpaceX with prejudice.

Respectfully submitted,

*/s/ Galen N. Thorp*
Galen N. Thorp, OBA #36847
CROWE & DUNLEVY,
A PROFESSIONAL CORPORATION
The Braniff Building
324 North Robinson, Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
galen.thorp@crowedunlevy.com

**ATTORNEY FOR DEFENDANT SPACEX**

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026, I filed the attached document with the Clerk of Court and served the attached document by electronic mail on the following, who is not a registered participant of the Electronic Case Filing System:

Richardjason S. Harris
Patriot Law
303 South Peters Avenue
Norman, OK 73069
patriotlaw@icloud.com

*Pro Se Plaintiff*

*/s/ Galen N. Thorp*
Galen N. Thorp