IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICHARDJASON S. HARRIS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 5:26-CV-01925-JD** |
| **and** | ) | FILED |
| | ) | OCT 06 2026 |
| **SPACE EXPLORATION** | ) | JOAN KANE, CLERK |
| **TECHNOLOGIES CORP. (SPACEX)** | ) | U.S. DIST. COURT, WESTERN DIST. OKLA. BY ______, DEPUTY |
| **SPACE XAI (form. XAI and X.AI LLC)** | ) | |
| **Defendants,** | ) | |

## PLAINTIFF'S MOTION TO CORRECT THE CAPTION AND ISSUE SEPARATE SUMMONSES FOR SPACEXAI CORP. AND SPACEXAI LLC

**COMES NOW** Plaintiff Richardjason S. Harris, appearing pro se, and moves to correct the collective "Space XAI" designation in the caption and to obtain separate summonses for **SPACEXAI Corp.** and **SpaceXAI LLC**, the two entities now identified in Defendants' filings. In support, Plaintiff states:

1. Fed. R. Civ. P. 15(a)(2) permits amendment of a pleading with the Court's leave, which should be freely given when justice requires; if a pleading amendment is necessary, Plaintiff requests an opportunity to submit a proposed pleading under LCvR15.1. Fed. R. Civ. P. 4(b) provides for a summons addressed to each defendant. Pro se pleadings are construed liberally. *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).

2. Plaintiff's August 17, 2026, amended petition identified "Space XAI (form. XAI and X.AI LLC)." Plaintiff attempted service under that designation: Corporation Service Company (CSC) received process sent by UPS and issued a rejection notice dated August 28, 2026; CSC received process sent by certified mail and issued a second rejection notice dated September 10, 2026. Plaintiff's Correct Caption Motion Exhibits 1 & 2. Both notices state that CSC could not forward the process. Neither selects a particular reason from the grounds listed. These documented attempts, followed by CSC's refusals to forward process, support prompt correction and issuance of summonses addressed separately to the identified entities.

3. SpaceX supplied the corporate chain through the sworn declaration of Stephen Herndon, its Director, Legal. ECF No. 15-1 ¶¶ 1, 5–7. On February 2, X.AI Holdings Corp. survived a merger with K2 Merger Sub Inc., then merged into K2 Merger Sub 2 LLC, which survived and was renamed X.AI Holdings LLC; X.AI Corp. remained its subsidiary. In August, X.AI Holdings LLC became SpaceXAI Holdings LLC, X.AI Corp. became SPACEXAI Corp., and X.AI LLC became SpaceXAI LLC. Id. ¶¶ 5–7. The requested correction identifies Corp. and LLC as the two defendants for whom Plaintiff now seeks separate summonses; Herndon's identification of Holdings LLC as another entity does not, without

more, make Holdings LLC a defendant or the subject of this request.

4. SpaceX's counsel, Galen N. Thorp, signed and filed **SpaceXAI LLC and SpaceXAI Corp.'s motion for an extension of time** to respond to Plaintiff's amended petition. ECF No. 23 at 1–3. That filing acknowledges that the August 17 petition named those entities and seeks relief for them under their separate corporate names. Id. at 1, ¶ 2. Having placed those names before the Court through a motion signed by SpaceX's own counsel, Defendants cannot credibly oppose Plaintiff's request to correct the collective caption designation and obtain a separate summons for each entity on the ground that their identities are unclear.

5. Plaintiff identified the xAI-related parties in the amended petition, attempted service, and now seeks correction based on the documented CSC refusals, SpaceX's sworn corporate identification, and counsel's filing for both named SpaceXAI entities. The Court should permit prompt use of each entity's actual name for new process rather than allow the documented naming confusion to obstruct service. This motion does not seek a ruling that prior service was effective, or an extension of the SpaceXAI service period.

**WHEREFORE**, Plaintiff requests that the Court (1) direct correction of the case caption to identify **SPACEXAI Corp. (formerly X.AI Corp.)** and **SpaceXAI LLC (formerly X.AI LLC)** separately in place of "Space XAI (form. XAI and X.AI LLC)"; and (2) direct the Clerk to issue a separate summons for

each entity upon Plaintiff's submission of completed forms. If the Court concludes that this correction requires an amended pleading, Plaintiff requests leave to submit a proposed amended pleading in compliance with Fed. R. Civ. P. 15(a)(2) and LCvR15.1.

Respectfully submitted

RJ Harris
**RJ HARRIS**
303 South Peters Avenue
Norman, OK 73069
Phone: (405) 979-0179
patriotlaw@icloud.com
*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

I certify that on October 6th, 2026, I filed the foregoing *Plaintiff's Motion to Correct the Caption and Issue Separate Summonses*, together with Exhibits, with the Clerk of the United States District Court for the Western District of Oklahoma and served a copy by ECF through the Court Clerk and by hand delivery by the Plaintiff upon counsel for Defendant SpaceX and via email and certified mail to counsel for SpaceXAI LLC and SpaceXAI Corp. at the following addresses:

Galen N. Thorp, OBA No. 36847
Crowe & Dunlevy, P.C.
The Braniff Building
324 North Robinson, Suite 100
Oklahoma City, Oklahoma 73102-8273

Bradley P. Humphreys
(pro hac vice forthcoming)
KING STREET LEGAL, PLLC
800 Connecticut Avenue, NW, Suite 325
Washington, DC 20006
(202) 202-738-4580
(202) 400-2039 (Facsimile)
brad@kingstlegal.com

RJ Harris

**Richardjason S. Harris**
Plaintiff, appearing pro se

Exhibit A: CSC rejection notice dated August 28, 2026 (transmittal 34917410).
Exhibit B: CSC rejection notice dated September 10, 2026 (transmittal 35013524).