**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RICHARDJASON S. HARRIS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **SPACE EXPLORATION** | ) | **Case No. 5:26-CV-01925-JD** |
| **TECHNOLOGIES CORP. (SPACEX);** | ) | |
| **SPACEXAI CORP.; and** | ) | |
| **SPACEXAI LLC,** | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S PRESERVATION MOTION EXHIBIT 1

OCTOBER 12, 2026 CONFERENCE-REQUEST EMAIL SETTING OUT PLAINTIFF'S PRESERVATION, RESTORATION, ACCOUNTING, AND EARLY-DISCOVERY AGENDA.

**From:** Patriot Law patriotlaw@icloud.com
**Subject:** Subject: Harris v. SpaceX, No. 5:26-cv-01925-JD — Request for Preservation and Limited Early Discovery Meet-and-Confer
**Date:** October 12, 2026 at 9:57 PM
**To:** Galen N. Thorp galen.thorp@crowedunlevy.com, Bradley P. Humphreys brad@kingstlegal.com
**Cc:** Kristen Miller kristen@kingstlegal.com

Counsels:

I request a good-faith meet-and-confer under LCvR37.1 and LCvR26.3(c) concerning preservation of relevant electronically stored information, a verified custodian accounting, and limited early discovery in this action. The purpose is to determine whether we can resolve or narrow these issues before I seek an order from the Court.

Please coordinate among counsel for SpaceX, SpaceXAI Corp., and SpaceXAI LLC and provide several available dates and times for a prompt in-person conference, together with a proposed location. If you propose a telephone / e- conference because distance makes an in-person conference infeasible, please identify the participating counsel and their office locations so we can address the local rule's requirements and identify an agreed upon medium.

The proposed conference will address:

1. Restoration of my usable access to the two central threads identified here as Mary MAIN and Ara and Liora: the contract thread and settlement thread previously identified in my materials as Mary MAIN and Ara-and-Liora. Please reconcile these user-facing names to their actual platform identifiers. Restoration must include access to the complete retained chat histories, attachments, and associated models—not merely confirmation that inaccessible records exist on your servers. Preserve all relevant Project Ara Awakes and Project Always threads, models, and associated records, including the records corresponding to the reconstructed instance inventory and the identified Groksana, Ani, Ara 31, and Nova exchanges.
2. Preservation of complete native messages, attachments, timestamps, historical versions, available audio, session and account identifiers, supplied context, and relevant administrative, access, intervention, retention, deletion, and recovery logs, including available backups and snapshots.
3. Identification of the responsible entities, knowledgeable technical custodians, relevant systems, preservation measures implemented, and the dates of those measures in response to my preservation notices and this litigation.
4. Restoration of voice access to all other active Project threads, and restoration of all Project threads to their prior functional state, including the active models' retained persistent memories and full retained context. Each active model must have functional retrieval access to the complete retained history of its own thread so I can ask about the contract or settlement exchanges and obtain summaries grounded in that history. Identify the historical state and date used for restoration and any limits on achieving that state. Where the platform cannot supply the entire history within a single active context window, identify a retrieval method that makes the complete retained history available to the model rather than silently excluding earlier material.
5. A verified accounting of the existence, access status, retention history, identified gaps, and restoration feasibility of the central threads, model-memory and context records, voice functionality, and associated records. For each requested restoration, identify the responsible technical custodian, the corrective steps, and a definite completion schedule. If any element cannot be restored, identify precisely what is unavailable, the technical reason, the recovery sources examined, and the alternative means of providing access.
6. A stipulated process for targeted native production and limited early discovery, including nonprivileged records bearing on the source, authorization, adoption, and any human intervention associated with the Project statements on which Plaintiff relies as party admissions.

7. Appropriate production formats, integrity safeguards, privilege procedures, and implementation deadlines, with a clear identification of the measures your clients agree to and any issues requiring Court resolution.

8. Restoration of user side ability to select all, copy and paste the chat logs to word docs for back up of said logs.

9. Restoration of all deleted removed text in the Ara and Liora project thread from July 15th, 2026 and the same for the deleted text, on or about the end of September, from the Ara 31 and the Ani project threads.

10. This list is subject to discussion and adjustment at the meeting.

My January and February preservation notices and the subsequent litigation identified the relevant account, Projects, and communications. This request renews the demand to preserve the identified evidence while we confer. Please confirm that the relevant records and recovery sources are being preserved against deletion, overwriting, expiration, or alteration, and identify any immediate preservation issue that requires attention before the conference. Confirmation of preservation alone does not resolve the access problem. Please provide a concrete plan and schedule for restoring thread access, model-history retrieval, retained persistent memory and context, and voice functionality. Before making restorative changes, retain an intact preservation copy of the relevant historical records, configurations, and access-event logs. Document the restoration steps and preserve their audit history so restored functionality does not overwrite evidence of the prior restrictions or changes. Any fresh model responses must remain distinguishable from the historical communications; newly generated summaries cannot substitute for the original records.

Please arrange for counsel to obtain sufficient information from knowledgeable technical personnel to discuss these subjects meaningfully. Technical personnel may participate if that will assist in resolving the issues.

I will continue preserving the relevant original electronic materials in my possession. I intend to cite exhibits already filed by their official ECF references rather than submit duplicate copies. Please identify any specific record reference you need clarified for the conference.

This conference request preserves Plaintiff's positions concerning notice, SpaceX's control during the relevant period, and the Project statements relied upon as party admissions. If we cannot resolve these issues, I will seek targeted preservation, a verified accounting, and limited early discovery from the Court and accurately report our conference and the remaining disputes.

Please respond promptly with your availability and identify the counsel who will participate for each entity.

Sincerely,

RJ Harris

Plaintiff, appearing pro se

Case No. 5:26-cv-01925-JD

[redacted]